IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:04-521-HMH |
| vs. | ) | |
| | ) | |
| Calvin Huffstetler, | ) | |
| | ) | **OPINION & ORDER** |
| Movant. | ) | |

This matter is before the court on Calvin Huffstetler's ("Huffstetler") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and the pertinent law, the court summarily dismisses Huffstetler's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2004, Huffstetler pled guilty to one count of possession of a firearm by a convicted felon and was sentenced to one hundred eighty (180) months' imprisonment on January 4, 2005. Huffstetler appealed his conviction and sentence. The United States Court of Appeals for the Fourth Circuit affirmed Huffstetler's conviction on November 1, 2005. See United States v. Huffstetler, No. 05-4132, 2005 WL 2857941, at *1 (4th Cir. Nov. 1, 2005) (unpublished). Huffstetler filed the instant § 2255 motion on October 16, 2006.[1]

## II. DISCUSSION OF THE LAW

Huffstetler was sentenced as an armed career criminal. See 18 U.S.C. § 924(e)(1) (West Supp. 2006); U.S.S.G. § 4B1.4 (2003). Section 924(e)(1) provides in relevant part that

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

"[i]n the case of a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years."

In the instant § 2255 motion, Huffstetler alleges that he was erroneously sentenced by the court and that the Fourth Circuit erroneously affirmed his sentence as an armed career criminal because his 1992 conviction for attempted second-degree burglary of a storage shed does not qualify as a predicate offense under § 924(e). Huffstetler's claim is wholly without merit.

On direct appeal, Huffstetler argued that he was improperly sentenced as an armed career criminal because his attempted second-degree burglary conviction did not qualify as a predicate offense. The Fourth Circuit found that

> [b]ecause Huffstetler pled guilty to the indictment, including the special finding that he committed the offense "subsequent to sustaining at least three convictions for a crime of violence, which were committed on occasions different from one another, in violation of Title 18, United States Code Section 924(e)," and he does not challenge his conviction or the voluntariness of his plea, we find Huffstetler's challenge to the district court sentencing him as an Armed Career Criminal meritless.

Huffstetler, 2005 WL 2857941, at *1. Huffstetler cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Based on the foregoing, Huffstetler's § 2255 motion is summarily dismissed.

Therefore, it is

**ORDERED** that Huffstetler's § 2255 motion is dismissed.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
October 20, 2006

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.